IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME McNEAL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 09 C 1500 |
| vs. | ) | |
| | ) | JUDGE SHADUR |
| CHICAGO POLICE OFFICERS | ) | |
| ANTHONY P. BRUNO, STAR NO. | ) | MAGISTRATE JUDGE COLE |
| 12212; et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Now comes the Plaintiff Jerome McNeal, through his counsel Michael D. Robbins & Associates and the Law Offices of Jeffrey J. Neslund, and moves this Honorable Court to enter a judgment as a matter of law at the close of evidence pursuant to Federal Rule of Procedure 50(a) as to Plaintiff's claims for (1.) illegal entry by Defendant Barroso and (2.) illegal search by Defendant Barroso. Plaintiff is entitled to judgment as a matter of law on these claims because the facts adduced at trial show that Defendant Barroso's warrantless entry into Plaintiff's home and subsequent search of his bedroom were done without probable cause or exigent circumstances. Plaintiff is also entitled to a judgment as a matter of law on the illegal search claim because the search of the bedroom following Plaintiff's arrest in the kitchen was unreasonable as it exceeded the scope of a proper search incident to his arrest.

## FACTUAL SUMMARY

The pertinent facts introduced at trial viewed in the light most favorable to the non-moving party demonstrate that the Defendants were on routine patrol on March 17, 2008, at 1:20 p.m. when they observed three (3) individuals behind 7007 S. Clyde Ave. in Chicago. At that

1

time, Defendant Barroso exited his vehicle and approached the three young men, which included Damien Stewart (hereinafter "Stewart"), in order to conduct a consensual field interviews to see if they had any information about a robbery that had occurred two days earlier. Defendants had no information whatsoever that Damien Stewart, who was a juvenile, was connected to that robbery or any other crime. Although Officer Bruno testified that he observed Stewart smoking marijuana, there is no evidence he communicated this observation to Officer Barroso. As the Defendants approached, Officer Barroso smelled marijuana, but could not tell whether the smell was specifically coming from Stewart. Defendant Barroso never saw Stewart smoking any marijuana. As the Defendants approached, Stewart ran up the stairs to the third floor and entered the Plaintiff's residence. Officer Barroso followed Stewart into that residence and caught him in the kitchen. Only once inside that kitchen did Officer Barroso see Stewart discard a marijuana cigarette to the ground. Officer Barroso placed Stewart under arrest and recovered approximately one gram of cannabis with a street value of $6.00 - a Class C misdemeanor, the least serious classification of a misdemeanor crime in Illinois.

      After Stewart was placed under arrest and was in handcuffs, Officer Bruno attempted to enter the apartment when there was some type of altercation with Plaintiff McNeal in the rear doorway of the apartment, the details of which are not relevant for purposes of this motion. According to the Defendants, Plaintiff McNeal was placed into custody in his kitchen and a search of an adjacent bedroom revealed a handgun between the mattress and box spring; the gun was not in plain view. Plaintiff was charged with possession of that handgun.

## **STANDARD**

      Rule 50(a)(2) of the Federal Rules of Civil Procedure provides: "Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a

motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." *Fed. R. Civ. Proc. 50(a)*. Under Rule 50, a party is entitled to a judgment as a matter of law when the evidence presented viewed in the light most favorable to the nonmoving party, combined with all reasonable inferences, is legally sufficient to support the verdict. *Mutual Service Casualty Insurance Co. v. Elizabeth State Bank*, 265 F.3d 601 (7th Cir. 2001). Courts have recognized that standard is essentially the same as the one used to decide motions for summary judgment. *Hall v. Gary Community College School Corp.*, 298 F.3d 672 (7th Cir. 2002).

## ARGUMENT

**I. DEFENDANT OFFICERS VIOLATED THE CONSTITUTIONAL RIGHTS OF JEROME MCNEAL WHEN THEY ENTERED AND SEARCHED HIS RESIDENCE WITHOUT A WARRANT OR EXIGENT CIRCUMSTANCES.**

Plaintiff is entitled to a judgment as a matter of law on his illegal entry claim because Defendant Barroso's warrantless entry into his home was done without probable cause and was also without the benefit of any recognized emergency circumstances. Police may not search a person's home without a warrant unless there is an emergency. *U.S. v. Collins*, 510 F.3d 697, 699 (7th Cir. 2007), citing *Welsh v. Wisconsin*, 466 U.S. 740, 748-50, 104 S. Ct. 2091 (1984); *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371 (1980). Defendant Barroso's sole justification for entry into the Plaintiff's home is flight from a consensual interview and the general smell of marijuana. This simply does not establish the emergency circumstances necessary to justify a warrantless entry into a private residence. The subsequent discovery of the single gram of marijuana discarded by Stewart can hardly be considered a grave offense for purposes of establishing exigent circumstances. To hold to the contrary would eviscerate the warrant requirement, clear United States precedent guarding the sanctity of the home, if not the

3

Fourth Amendment itself.

    **A.    THERE WERE NO EXIGENT CIRCUMSTANCES PRESENT THAT WOULD JUSTIFY THE WARRANTLESS ENTRY INTO THE PLAINTIFF'S HOME, PARTICULARLY WHERE THE OFFICERS WERE CHASING AN INDIVIDUAL WHO HAD NOT COMMITTED A CRIMINAL OFFENSE.**

The right to be free from unwanted and unreasonable intrusion into a private residence is chief among the protections of the Fourth Amendment. *Payton v. New York*, 445 U.S. 573 (1980). So closely guarded is the protection of the home that a warrantless entry into a private home is presumptively unreasonable under the Fourth Amendment *Payton v. New York*, 445 U.S. at 585-86. Considering the facts and circumstances of the encounter, the time of day, and the minor cannabis offense involving Stewart, Defendant Barroso was not justified in disregarding the Fourth Amendment's warrant requirement and illegally entering Plaintiff's residence.

In an effort to protect the warrant requirement, the Supreme Court has narrowly tailored the situations under which police officers may make a warrantless entry into a home to those emergency circumstances where immediate action is necessary and there is no time to secure a warrant. *Minnesota v. Olsen*, 495 U.S. 91 (1990). The Supreme Court has established four (4) instances where exigent circumstances have been recognized: (1) hot pursuit of a fleeing felon, (2) preventing the imminent destruction of evidence, (3) preventing a suspect's escape, or (4) danger to officers or others persons inside or outside of the residence. *Minnesota v. Olsen*, 495 U.S. at 100.

In making the determination of the officer's knowledge when assessing entry due to exigent circumstances, the focus of the inquiry is on the knowledge possessed by the specific officer who made the warrantless entry. *See United States v. Ellis,* 499 F.3d 686 (7th Cir. 2007)

(initial officer's knowledge for purposes of establishing exigent circumstances cannot be bolstered by additional information that was never communicated by other officers); see also *United States v. Richardson*, 208 F.3d 626 (7th Cir. 2000) (government must establish that the circumstances as they appeared at the moment of entry would lead a reasonable, experienced law enforcement officer to believe that there were exigent circumstances to justify a warrantless entry).

Defendant Barroso's decision to enter the residence cannot be justified with any knowledge of any officers that was not communicated to him. *United States v. Ellis,* 499 F.3d at 689-90 (7th Cir. 2007). Rather, his decision to make a warrantless entry into the residence must rest and fall upon what knowledge he possessed at the time of the entry. *Ellis*, 499 F. 3d at 690. Consequently, Defendants are not able to bootstrap additional knowledge learned after the fact to make a *post hoc* justification of Barroso's initial entry. *Ellis*, 499 F. 3d at 689-90.

Nor can Barroso's violation of the Plaintiff's Fourth Amendment rights form the basis of an exigency that would permit Officer Bruno to claim exigent circumstances and enter the Plaintiff's residence. It was established just last year that police officers may not claim lawful entry under exigent circumstances where those circumstances were created by an earlier violation of the Fourth Amendment. *Kentucky v. King*, 131 S. Ct. 1849 (2011). The United States Supreme Court has recognized that the exigent circumstances standard will only apply "when the police do not gain entry to premises by means of an actual or threatened violation of the Fourth Amendment." *Id.* In this case, Officer Barossa's illegal entry cannot be used as the Trojan Horse to sanction Officer Bruno's later attempt at entry. This is particularly so where Stewart was already in custody and any exigency had dissipated at the time Officer Bruno forcibly entered the apartment.

As such, viewing the evidence from the framework of Officer Barossa's knowledge at the time of entry, there were no emergency circumstances that would have justified the warrantless entry into the Plaintiff's residence. Officer Barroso did not have any information linking Stewart to a crime or any indication that the Plaintiff's apartment contained criminal activity. Officer Barroso never saw Stewart with any marijuana and could not link the smell of marijuana specifically to Stewart. These facts are insufficient to establish exigent circumstances for a warrantless entry into a home.

Even after Officer Barroso saw Stewart throw the marijuana to the ground in the kitchen, all Officer Barroso had was the possession of a single gram of cannabis with a street value of $6.00. This offense is far from the type of "grave offenses" for which courts have found exigent circumstances to support a warrantless entry. This was a Class C misdemeanor, the lowest of the class of misdemeanor in the Illinois Criminal Code save for a petty offense. In fact, this offense is now routinely dealt with as a ticketable violation of a municipal offense.

On point is the United States Supreme Court's decision in *Welsh v. Wisconsin*, 466 U.S. 740 (1984). There, the Court held that police officers' warrantless entry into a DUI suspect's home violated the Fourth Amendment. *Id* at 753. In so holding, the Court examined the nature of the underlying offense, a traffic offense, and determined that exigent circumstances should "rarely be sanctioned" when a minor offense is at issue. *Welsh v. Wisconsin*, 466 U.S. at 753. As such, Stewart's single $6.00 gram of marijuana cannot support Defendant Barroso's warrantless entry into a private residence. *See also Hopkins v. Bonvicino*, 573 F.3d 752 (9th Cir. 2009) (exigent circumstances rarely present when misdemeanor offenses are charged); *Patzner v. Burkett*, 779 F.2d 1363 (8th Cir. 1985).

Nor can any of the other handful of narrowly tailored exigent circumstances support

Officer Barossa's warrantless entry into the home. First, a concern for the destruction of evidence was not present in this case. Unlike cases where court's have found this to be a proper exigent circumstance (i.e. *United States v. Santana*), Officer Barroso possessed absolutely no specific information regarding any possible evidence that was about to be destroyed by Stewart's entry into the home. *See*, *Richards v. Wisconsin*, 520 U.S. 385 (1997); *Jacobs v. Chicago*, 215 F.3d 758 (7th Cir. 2000) (in order for exigent circumstances to exist, specific facts indicating evidence is likely to be destroyed must be present). Barroso never had any knowledge that Stewart had any particular evidence that might be destroyed and, as such, this exigency cannot support Barroso's actions. A contrary finding would incorrectly equate **any** flight with the possible destruction of unknown evidence – an exception that would swallow the rule and render the warrant requirement and the entire exigent circumstances rubric meaningless.

Similarly, there was no concern with escape in this case as an individual must be suspected of specific criminal activity before one can be concerned about escape from said activity. As with the prior exception, any finding equating flight with a need to prevent escape would render the warrant requirement meaningless and would create a bright line rule that flight alone was sufficient to support a warrantless entry into a private residence. Moreover, any notion of escape in this case is refuted by the fact that Stewart was immediately placed into custody and Officer Janik had gone around to the front of the residence to prevent any egress from that location.

Finally, both the time of day, lack of any indication that Stewart was dangerous and the consensual nature of the initial encounter both weigh in favor of the lack of exigent circumstances. The police did not have any knowledge that there was any danger to anyone in the apartment or that any serious or grave criminal activity was afoot following Stewart's

preemptive termination of the initial encounter. See *Minnesota v. Olson*, 495 U.S. 91 (1990) (finding that the police violated rights of arrestee wanted in connection with a robbery-murder by surrounding home in which he was hiding and forcibly entering the home and arresting him; even though arrestee was wanted for grave offense, Court found there were insufficient exigent circumstances as among other factors the suspect was not known to be violent, there was no indication he was a danger to others in the house, the house was surrounded and it was a Sunday afternoon). There is simply no evidence establishing an emergency that would justify a warrantless entry into the Plaintiff's residence. *See, e.g., Hopkins v. Bonvicino*, 573 F.3d 752 (9th Cir. 2009); *United States v. Patino*, 830 F.2d 141 (7th Cir. 1987); *United States v. Diaz*, 814 F.2d 454 (7th Cir. 1987).

    **B.    THE WARRANTLESS ENTRY INTO PLAINTIFF'S HOME WAS DONE WITHOUT PROBABLE CAUSE AS OFFICER BARROSO HAD NO KNOWLEDGE THAT DAMIEN STEWART HAD COMMITTED ANY CRIMINAL OFFENSE PRIOR TO ENTERING THE RESIDENCE.**

Courts have routinely differentiated warrantless arrests in public places, which may be made solely on the basis of probable cause, from arrests in private residences where an officer must not enter to effectuate an arrest absent probable cause and either consent or exigent circumstances. *Griffin v. Wisconsin*, 483 U.S. 868 (1987); *Silverman v. United States,* 365 U.S. 505, 511 (1961). Probable cause exists at the time of arrest "when reasonably trustworthy information, facts and circumstances would lead a prudent person to believe that a suspect had committed or was committing a crime." *Nieman v. Keane*, 232 F.3d 577, 580 (2000).

    Here, the Defendants had no probable cause to believe that Damien Stewart had committed any criminal offense when they approached him for a consensual field interview regarding an unrelated robbery. Stewart did what every citizen had a right to do – terminate the

possible interview and leave the presence of the police. Officer Barroso never saw Stewart engaging in any criminal conduct and could not link the smell of marijuana to Stewart. In fact, Officer Barroso candidly admitted that the first instance of criminal conduct he saw Stewart commit was throwing the marijuana onto the kitchen floor after both of them had entered the Plaintiff's residence. *See Strong v. Jackson*, 10 CV 1497 July 30, 2012, at pp. 8-9 (Norgle J., presiding) (refusing to grant summary judgment in favor of Defendant officer on false arrest claim where Officer could only establish that he approached plaintiff for a field interview regarding a disturbance at which point plaintiff fled; based on these facts the officer "could not have formed a reasonable belief that the arrested person had committed a crime. *Mahoney v. Kesery*, 976 F.2d 1054 (7th Cir. 1992). These limited facts could not provide Defendant Barroso the type of reasonably trustworthy information to establish that Damien Stewart had committed a criminal offense. *See Brandon v. Maywood*, 157 F. Supp. 2d 917 (N.D. Ill. 2001) *citing Brown v. Texas*, 443 U.S. 47 (1979).

Stewart's flight, even when coupled with a general smell of marijuana, is completely insufficient to justify the warrantless entry into the Plaintiff's home. Hot pursuit of a fleeing felon has supported a warrantless arrest inside of a residence in certain instances, but only when that probable cause is established prior to the warrantless entry into the home. *See United States v. Santana*, 427 U.S. 38 (1976). The Supreme Court has never held that probable cause is irrelevant so long as there is flight into a private residence; in fact, flight alone will ***not*** establish probable cause. *Illinois v. Wardlow*, 528 U.S. 119 (2000); s*ee also Strong v. Jackson*, 10 CV 1497 July 30, 2012, at 14 (Norgle J., presiding) ("With respect to Plaintiff] running and hiding, the law has been clear since 2000 that unprovoked flight from the police is sufficient to establish reasonable suspicion, but not probable cause. *Wardlow*, 528 U.S. at 124.) This lack of probable


cause ends the inquiry and requires judgment to be entered in favor of Plaintiff. The presence of exigent circumstances is irrelevant if the underlying probable cause is absent. *Payton v. New York*, 445 U.S. at 583-90 (both probable cause and exigent circumstances are needed to support warrantless arrest made inside private residence).

To hold differently, would be to negate the consensual nature of a field interview and allow the police to enter any home provided that the citizen therein acted in a manner indicating a desire to terminate any encounter. Whether the action was climbing stairs and resisting to be interviewed, blocking a doorway, or closing a door in an officer's face, the citizen had a right to refuse contact with the police in an instance where there is no probable cause for arrest.

**II. DEFENDANT OFFICERS VIOLATED PLAINTIFF MCNEAL'S CONSTITUTIONAL RIGHTS WHEN THEY CONDUCTED A SEARCH OF HIS HOME THAT EXCEEDED A PROPER SEARCH INCIDENT TO ARREST.**

Additionally, once Defendants were within Plaintiff McNeal's residence, their search of that residence was unreasonable as it exceeded the scope of a proper search incident to an arrest. The seminal case detailing the proper scope of a search incident to arrest is *Chimel v. California*, 395 U.S. 752 (1969), where the United States Supreme Court established the "immediate control" or wingspan test. In *Chimel*, the United States Supreme Court noted an officer could search an arrestee's person following an arrest as well as an area within the arrestee's immediate control, which it referred to as "the area within his reach." The Supreme Court cautioned that the search incident to an arrest could not be used as a justification to search an entire residence or rooms in a residence other than the one in which the arrest occurred. The Supreme Court specifically noted that the rationale for the search of the area within the arrestee's control was absent when it was stretched to cover a search of a different room in the residence. "There is no comparable justification, however, for routinely searching any room other than where the arrest

occurs – or, for that matter, for searching through all the desk drawers or other closed or concealed areas in the room itself. Such searches, in the absence of well-recognized exceptions, may be made only under the authority of a search warrant. The "adherence to judicial processes" mandated by the Fourth Amendment requires no less."

Here, the Defendants had already placed McNeal under arrest and had handcuffed him in the kitchen of his residence following their warrantless entry into his home. There was no indication that McNeal had committed any criminal offenses or had any accomplices that would justify a search of the remainder of the residence. Without obtaining or even requesting any consent, the Defendants took it upon themselves to search an entirely different room – well outside the cuffed Plaintiff's reach. Not only did their search involve an entirely separate room, but it was much more than a cursory inspection – going at least as far as going between the mattress and box spring on the bed in that room.

## **CONCLUSION**

In sum, the Plaintiffs are entitled to judgment as a matter of law pursuant to Rule 50. Viewing the evidence in the light most favorable to the Defendants, Plaintiff has established that his constitutional rights against unreasonable search and seizures were violated by Defendants warrantless entry into his private residence and their subsequent search of the bedroom. Defendants turned a consensual field interview with a teenager whom they suspected of no criminal conduct into a headlong chase culminating in a warrantless entry into a private residence. Defendant Barroso's subsequent search of the bedroom only exacerbated the previous constitutional violation of the warrantless entry. Defendants' actions violate the Fourth Amendment as a matter of law and require that judgment be entered in favor of the Plaintiff on the claim for illegal entry by Defendant Barroso and illegal search.

                                      Respectfully submitted,

                                      /s/ Jeffrey J. Neslund
                                      One of Plaintiffs' Attorneys

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
150 N. Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 223-1100

MICHAEL D. ROBBINS
MICHAEL D. ROBBINS & ASSOCIATES
150 N. Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 899-8000